## Stewart Patterson

### *v.*

## Hart L. Stewart.

*At Ottawa, September Term, 1882.*

Practice in the Supreme Court—*extension of time for filing records— time for making application.* An application for further time within which to file a transcript of the record, in a case brought to the Supreme Court by appeal, must be made within the time prescribed by law for filing such transcript.

Appeal from the Circuit Court of Cook county.

The final decree from which this appeal was taken was entered on the 12th day of June, 1882, of the May term of the circuit court, which ended on the 10th day of June, 1882, so that more than twenty days have intervened between the

last day of the term at which the decree appealed from was entered and the sitting of the present term of this court. On the 9th day of September, 1882, being the fourth day of the present term, the appellant moved the court for further time to file the transcript of the record in this case. The motion was supported by affidavit setting forth the reasons for the application.

Mr. HENRY B. MASON, for the motion.

Messrs. DEXTER, HERRICK & ALLEN, *contra,* citing *Palmer* v. *Gardner,* 77 Ill. 143 ; *Simpson* v. *Simpson,* 3 Bradw. 432 ; *Jones* v. *Dunton,* 5 id. 211 ; *Graff* v. *Reed,* id. 561.

SCOTT, Ch. J.: The application for an extension of the time for filing the transcript of the record comes too late. This court has repeatedly held that applications of this character must be made within the time prescribed by the statute for the filing of the transcript. (*Adams* v. *Robertson,* 40 Ill. 40.) The act of May 24, 1879, (Sess. Laws, 221,) provides: "Authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court  *  *  *  on or before the second day of the succeeding term of said court: *Provided,* twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken." Here the twenty days intervened the last day of the term of the circuit court at which the decree appealed from was entered, and the first day of the present term of this court. The motion should have been made on or before the second day of the term. It was not made until the fourth day, and so comes too late. The rule is founded upon the statute prescribing the time within which records should be filed.

*Motion denied.*