Mason v. Gibson.

---

PETER MASON

v.

JAMES GIBSON.

1. CERTIFICATE OF CLERK TO RECORD—SEAL.—Unless the certificate of the clerk of the court appealed from to the record, is under the seal of the court, the cause must be stricken from the docket.

2. APPLICATION TO FILE ADDITIONAL RECORD.—Where a record of a case was filed in due time, but when the record was filed, the certificate of the clerk of the court appealed from was not under the seal of that court, and upon discovering this, appellant, on the fourth day of the term, applied for leave to file an additional record. *Held*, that the application came too late, and appellee's motion to strike the cause from the docket must be sustained.

APPEAL from the County Court of Hancock county; the Hon. J. B. Risse, Judge, presiding. Opinion filed September 28, 1883.

Messrs. Hooker & Edmunds and Messrs. Mason & Hal-dower,. for appellant; that when grain is sold by sample, the law implies a warranty that the bulk is of as good a quality as the sample, cited Misner v. Granger, 4 Gilm. 69–74; Kohl v. Lindley,'39 Ill. 195–203; Bradford v. Manly, 15 Mass. 139 –143; Gallagher v. Warring, 9 Wend. 20.

If no sample had been exhibited or contract made with reference to it, the law would imply that the oats sold were to be of a fair and merchantable quality: Babcock v. Trice, 18 Ill. 420; Doane v. Dunham, 65 Ill. 512.

The court had no power to change the issues by instructions: I. M. Bk. v. Murdock, 62 Mo. 73–74; Nollen v. Wisner, 11 Ia. 193; Moshier v. Kitchell, 87 Ill. 22; Neal v. Brotherton, 30 Mo. 201.

One of two tenants in common of grain may sever and appropriate, without consent of the other, the quantity to which he is entitled: Lobdell v. Stowell, 51 N. Y. 70; Newton v. Howe, 29 Wis. 531.

As to measure of damages for a failure by vendee to receive personal property sold: Smith v. Dunlap, 12 Ill. 184; Phelps v. McGee, 18 Ill. 158; Sleuter v. Wallbaum, 45 Ill. 43; Deere v. Lewis, 51 Ill. 254; Miles v. Miller, 12 Bush (Ky.), 154; Dey v. Dox, 9 Wend. 129; Thompson v. Alger, 12 Met. 482; Barry v. Cavanah, 127 Mass. 394; Allen v. Jarvis, 20 Conn. 37–48; Northrup v. Cook, 39 Mo. 208; Gatling v. Newell, 12 Ind. 118; Ganson v. Madigan, 13 Wis. 67.

Messrs. Schofield & Schofield, for appellee; that when the evidence is conflicting, a verdict will not be disturbed unless it is manifestly against the weight of the evidence, cited Bunker v. Green, 48 Ill. 243; Addems v. Suver, 89 Ill. 482; Umlauf v. Bassett, 38 Ill. 96; Chicago & R. I. R. R. Co. v. McKean, 40 Ill. 218; Harbison v. Shook, 41 Ill. 141; C. & A. R. R. Co. v. Shannon, 43 Ill.. 338; First Nat. Bk. v. Mansfield, 48 Ill. 494; City of Chicago v. Furgeson, 60 Ill. 200; Fitch v. Zimmer, 62 Ill. 126; Robinson v. Parish, 62 Ill. 130; Cass v. Campbell, 63 Ill. 259.

Per Curiam. The record in this case was filed on the 16th

day of May, 1883, the second day of the term, and the last
day on which it could be filed to comply with section 73 of
the Practice Act, which requires that authenticated copies of
records of judgments, orders and decrees appealed from shall
be filed in the office of the clerk of the Supreme Court, or of
the appellate court, as the case may be, on or before the sec-
ond day of the succeeding term of said court; provided twenty
days shall have intervened. between the last day of the term
at which the judgment or decree appealed from shall have been
entered and the sitting of the court to which the appeal shall
be taken; but if ten days and not twenty shall have intervened
as aforesaid, then the record shall be filed as aforesaid on or
before the tenth day of the said succeeding term, otherwise
the said appeal shall be dismissed, unless further time to file
the same shall have been granted by the court to which said
appeal shall have been taken upon good cause shown.

But while the record of the case was filed in due time to
comply with the law, one essential requirement of the statute
was neglected, and that was the authentication of the copy of
the record. When the record was filed the certificate of the
clerk of the court appealed from was not under the seal of
that court. When this was discovered, appellant, on the fourth
day of the term, suggested a diminution of the record and en-
tered his motion for leave to file an additional record. With-
out giving the subject that investigation which its importance
merited, and with the desire to give appellant ample time to
present the question fairly before the court, in connection
with a motion made by appellee to strike the cause from the
docket, we sustained appellant's motion, and granted him
leave to file additional record, and reserved the consideration
of appellee's motion to strike the cause from the docket until
the hearing. It now comes up before us again, and after a
careful examination of the authorities we are fully convinced
we erred in sustaining appellant's motion and granting him
leave to file an additional record with the seal of the court
attached to the certificate of the clerk.

In Cowhick v. Gunn, 2 Scammon, 417, the defendants in
error moved the court to strike the cause from the docket

upon the ground that the transcript of the record filed therein, although properly certified by the clerk in other respects, was not under the seal of the court. A cross motion was entered by plaintiff in error (based upon affidavit filed, showing that the seal was omitted by mistake), to grant a rule requiring the clerk of the court below to certify to that court a transcript of the record of the cause under the seal of the court. The court sustained the motion to strike the cause from the docket, and overruled the cross motion for a rule against the clerk below, upon the ground that the record filed, not being under the seal of the court, was a nullity, and that the cross motion was in the nature of a motion for a writ of *certiorari* to amend the record as in case of diminution of record; which can only be granted in a case where a record is properly authenticated, but is defective in some of its parts.

So in Morse v. Williams, 4 Scammon, 285, a motion was made to strike the cause from the docket because there was no seal to the certificate of the transcript of the record from the court below. This motion was resisted on the ground it came too late after joinder in error. But the court held that unless the transcript is properly certified the case is not in court. The objection was held fatal and the motion sustained.

These two cases settle the doctrine that unless the certificate of the clerk to the record is under the seal of the court the cause must be stricken from the docket.

The motion of appellant for leave to file an additional record was not made until the fourth day of the term. It then came too late. The application for further time to file the record must be made within the time prescribed by the statute, which in this case, was on or before the second day of the term. Day v. The City of Clinton, 5 Bradwell, 605; Palmer v. Gardiner, 77 Ill. 143.

Under these decisions the motion of appellee to strike the cause from the docket must be sustained.

All orders in this cause entered of this term are hereby vacated and this cause stricken from the docket.