## *Elijah C. Sprague

v.

## O. B. Green et al.

Mechanic's lien—No lien—Personal decree.—A court has no authority to enter a personal decree in a mechanic's lien proceeding where, for any reason, no lien can be declared upon property, or a fund arising from property. Under the statute the decree in a mechanic's lien proceeding only operates as a personal decree for any deficiency existing after there has been a sale upon execution of the property subject to the lien.

Error to the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding. Opinion filed March 31, 1886.

Mr. I. K. Boyesen, for plaintiff in error; that it is error to order an execution in the first instance in a mechanic's lien proceeding, cited R. S., Ch. 82, § 25; First Baptist Church v. Andrews, 87 Ill. 172; Race v. Sullivan, 1 Bradwell, 96.

Messrs. Quick & Miller, for defendants in error.

Moran, J. On October 24, 1873, Sprague, plaintiff in error, entered into a contract with defendant in error, Hards, to do certain work on a building then being erected on certain real estate, in which Sprague had a leasehold interest. Work was done under the contract; Sprague failed to pay, and on December 23, 1873, a petition for mechanic's lien was filed. O. B. Green filed, January 16, 1874, an intervening petition setting out facts entitling him to a lien, for materials furnished to erect the building.

Long prior to the making of the contracts with the mechanics, Sprague had executed to the Connecticut Mutual Life Insurance Company a mortgage of the premises, and on June 28,

*The case of Elijah C. Sprague v. William G. Hards is identical with the above and is reversed for same reasons.

1872, a bill to foreclose said mortgage was filed in the United States Court for the Northern District of Illinois, so that the contracts were made with the lien petitioners and the work was done on the building pending the suit to foreclose the mortgage.

The several parties interested in the land were made parties defendant to the petitions, and the insurance company answered setting up its mortgage, the foreclosure proceedings, decree, sale November 16, 1874, and master's deed dated January 9, 1875, and the purchaser at the sale also answered, setting out the same facts.

By the decree the court below found that Hards and Green were entitled to liens on the interest of Sprague in the land at the time the contracts were made and materials furnished, subject to the rights of the Connecticut Mutual Insurance Company under its foreclosure suit then pending, but found that the said foreclosure suit, the decree therein and deed thereunder, "extinguished and cut off and determined all the said right, title and interest of said Sprague, and of all persons claiming by, through or under him, acquired after the commencement of said foreclosure suit, in and to said premises."

In thus finding the court below was correct, and the effect of such finding was that there was no interest in Sprague at the time of entering the decree to which a lien could attach. Davis v. Connecticut Mutual Life Insurance Co., 84 Ill. 508.

The contracts with Sprague having been made pending the foreclosure against the property on which the lien was sought to be established, were subject to the contingency of the decree of foreclosure, and all Sprague's interest being closed out by proper proceedings under such decree, there was nothing for the court below to establish a lien upon.

The court proceeded, however, not to decree a lien on any estate or interest, but to ascertain the amounts due the respective petitioners from Sprague, and entered in favor of Hards and of O. B. Green, and against Sprague, personal decrees for the amounts so found due, and directed that executions issue in favor of each petitioner and against Sprague for such respective amounts.

This was error. "On a petition to enforce the lien, the 25th section of our present revision authorizes an execution to issue for any balance that remains after selling the property on which the lien exists and ordered to be sold; but neither it nor any other provision of the lien law authorizes a personal execution to issue, in the first instance, on an order or decree under a petition." Baptist Church v. Andrews, 87 Ill. 172. Nor has the court authority to enter a personal decree in a mechanic's lien proceeding, where for any reason no lien can be declared upon property or a fund arising from property. The statute does not authorize the entering of a decree for money due as a personal decree, and not ordering any sale of the property or interest therein. The decree only operates as a personal decree for any deficiency existing after there has been a sale upon executions of the property subject to the lien. Bouton et al. v. McDonough County, 84 Ill. 396.

The decree will therefore be reversed.