RICE, FRIEDMAN & MAXWELL COMPANY ET AL.

V.

FLORA GOLDBERG ET AL.

*Injunctions—Dissolution by Agreement—Damages—Statute—Evidence —Practice.*

1. Upon appeal from an order allowing damages on the dissolution of an injunction by agreement, it is *held:* That the evidence is insufficient to support the order; and that it was irregular to award a sum of money to persons not parties to the suit.

2. It *seems* to be doubtful whether an injunction dissolved by agreement, such agreement providing that the injunction bond may stand for damages, is within the statute providing a summary mode for the assessment of damages.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Rice, Friedman & Maxwell Company brought a creditors' bill against David Goldberg, the judgment debtor, Flora Goldberg, Nathan Neufeldt and Canute R. Matson, Sheriff, and by said bill sought to have certain judgments, one in favor of said Flora and another in favor of said Nathan, entered up by confession against said David Goldberg, set aside and declared void as to plaintiff, a creditor of said David.

Execution had been issued on the respective judgments and

were in the hands of said Sheriff, who was proceeding to sell the goods of said David thereon, December 31, 1886, upon bond of plaintiff, with sureties in the penalty of $300; an injunction was issued by order of the court enjoining the sale. January 31, 1887, the said injunction was dissolved by agreement of the parties. April 9, 1887, the cause was referred to the master, and June 17, 1887, he filed his report, by which he found against the complainant upon the merits of the case. June 27th, two of the defendants to the bill, said Nathan and Flora, filed suggestions of damages by reason of the injunction, and the complainants, on leave of court, voluntarily dismissed said bill, but no final decree was signed and entered until after July 16, 1887, when the court, upon evidence, all of which is preserved by certificate of the Judge, entered the following order:

" RICE, FRIEDMAN & MAXWELL COMPANY
v.
" DAVID GOLDBERG ET AL.
}
Bill.

" This cause coming on to be heard upon the suggestion of damages filed herein, and the testimony heard in open court, and arguments of counsel, and the court being fully advised in the premises, it is ordered that the defendants' damages be and the same are hereby assessed at the sum of $202.35, and that they have execution therefor; and it is further ordered that the complainants pay to Blum & Blum the further sum of $60, and that execution issue therefor."

To which appellants objected.

The stipulation on which the injunction was dissolved, was made January 14, 1887, and is as follows:

" RICE ET AL.
v.
" GOLDBERG ET AL.
}

" It is hereby stipulated and agreed that the injunction heretofore granted in this case be dissolved, and that the Sheriff make sale of the stock at No. 401 Milwaukee Avenue, not in bulk, but in such lots as shall be most conducive in bringing the largest cash price, and that he deduct therefrom his legitimate fees and hold the residue to await the order of the court

Rice, Friedman & Maxwell Co. v. Goldberg.

on the final hearing hereof; that this cause shall be either referred to a master in chancery to take proofs and report his conclusions thereon, or that such testimony may be taken before a notary public.

"It is further agreed that should the court, upon a final hearing, decide that Nathan Neufeldt and Flora Goldberg are entitled to said proceeds, then the injunction bond in this cause may stand for such damages as may be adjudged by this court.

"It is further agreed that the Sheriff shall allow the landlord of the building, 401 Milwaukee Avenue, to retain the fixtures in payment of rent due for said store."

Messrs. CRATTY BROS. & ASHCRAFT, for appellants.

Messrs. BLUM & BLUM, for appellees.

McALLISTER, J. Section twelve of our injunction statute, (1 Starr & C. Ill. Stat. 1285) provides a summary mode for the assessment of damages sustained by a party to the suit, by reason of the injunction, "in all cases where an injunction is dissolved by any court of chancery in this State," and prescribes the contingency, condition and proceedings.

Such statutes, authorizing a summary proceeding, are usually subject to a strict construction. As in this case, the suggestions in writing can not be dispensed with except by the consent of the adverse party. Winkler v. Winkler, 40 Ill. 179. And it may be a question, whether, as in this case, where the injunction is dissolved by the mutual agreement of the parties, and that agreement provides that the injunction bond may stand for the damages, the case is one within the statute.

But we do not find it necessary to pass upon that question; for we find upon examination of the evidence upon which the assessment of damages was made, that it is insufficient to support the order appealed from, which is, in addition, irregular in awarding a sum to persons who were not parties to the suit.

*Reversed and remanded.*