## JOHN O'BRIEN AND GEORGE GREEN

### V.

## HENRY H. GRAHAM ET AL.

*Mechanic's Lien—Material Supplied—Sec. 31, Chap. 82, R. S.—Sub-Contractor—Architect's Certificate—Personal Decree—Notice.*

O'Brien v. Graham.

1. Upon a bill filed by sub-contractors for a mechanic's lien, this court holds that the same was properly dismissed for the reason that the statutory notice was not served upon the owner of the building in question, within the time required by Sec. 31, Chap. 82, R. S.

2. No personal decree is authorized by the statute when there is a failure in the effort to establish a lien.

[Opinion filed October 23, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. LEVI SPRAGUE, for appellants.

Mr. T. H. HOOD, for appellees.

GARNETT, J.   In 1886, one William Dunning agreed with Henry H. Graham to make certain alterations in a house or premises in Chicago, and afterward, about June 1, 1886, made a bargain with O'Brien and Green, appellants, for lumber to be used in the execution of the work.   The lumber was to be delivered as required, during the months of June, July, August and September of that year, and paid for as any portion of it was delivered.   In pursuance to the sub-contract, appellants made several deliveries of lumber prior to August 10, 1886.   The material so delivered was all used in the work described, the total value thereof being $268.80. By the agreement between Dunning and appellants they were to draw their pay on architect's certificates.   To satisfy them for the $268.80, Dunning procured a certificate for $300 from the architect August 7th, and delivered it to them on August 10, 1886.   At that time, Graham suspected the architect of too much partiality toward Dunning on account of accommodations in the way of loans of money which Dunning had made him.   The result was that the architect was then discharged and Graham commenced to superintend the work himself, upon the agreement with Dunning that he should receive no more money unless it should be ascertained on completion of his contract that it had cost less than the original

contract price.   Appellants thereupon became dissatisfied and refused to deliver any more lumber on the credit of Dunning. An agreement was then made between appellants and Graham, by which he was to pay them for all the lumber for the completion of the work.   In pursuance of that agreement appellants delivered the lumber necessary to finish the alterations in the buildings, Graham paying them for all that was so delivered on his contract.

Appellants filed their bill for a mechanic's lien on the premises for the amount remaining unpaid to them on account of the lumber furnished before August 10, 1886.   The Circuit Court found appellants not entitled to a lien and dismissed the bill.   For all the goods delivered before August 10, 1886, appellants were sub-contractors.   As such they could only perfect their lien by serving the statutory notice upon Graham within forty days after payment became due to them, as required by Sec. 31, Chap. 82, R. S.

In fact, the notice was not served until October 8, 1886, which was too late to preserve the lien.   The question of personal liability of Graham by reason of his alleged promise to appellants to pay the amount of the certificate for $300, is not of importance in this proceeding, as no personal decree is authorized by the statute when there is a failure in the effort to establish a lien.   Sprague v. Green, 18 Ill. App. 476.   The decree is affirmed.

<em>Affirmed.</em>