# WILBUR   F.   ROSS

## v.

## PLANO STEEL WORKS.

*Practice—Time  for Filing  Record—Extension  of  Time—Amendment of  Record.*

1.  If additional time is desired within which to file a record in this court, the motion therefor must be made within the statutory time for filing the record.

2.  If a continuance is desired for the purpose of procuring an amendment of the record, the correct practice is to first file a copy of the record in as perfect form as may be had, and then, upon suggestion of diminution of the record, and the procuring of a writ of *certiorari*, to move for a continuance until the amendment can be procured in the court below.

[Opinion filed December 18, 1889.]

APPEAL from the Circuit Court of Kendall County; the Hon. JOSEPH F. HUGHES, Judge, presiding.

Mr. B. F. HERRINGTON, for appellant.

No appearance for appellee.

*Per Curiam.* The motion in these cases for three days time in which to file record abstracts and briefs and to set aside the order of dismissal of the appeal on short record, made on the 13th day of the term, can not be sustained.

The statute requires that the record shall be filed in the Appellate Court on or before the second day of the term or on or before the tenth day in exceptional cases pointed out in the statute, " unless further time to file an authenticated copy of the record shall have been granted by the court, upon good cause shown." If further time is desired in which to file the record the motion must be made within the time required by the statute for the filing of the record. Adams et al. v. Robertson, 40 Ill. 40; Day v. City of Clinton, 5 Ill. App. 605; Graff v. Reed, 5 Ill. App. 561. The proper practice is, if a continuance is desired for the purpose of procuring an amendment of the record, to file the copy of the record of the court below in the Appellate Court as perfect as it can be procured, and then, upon suggestion of diminution and the procuring of an order for a writ of *certiorari,* to move for a continuance or postponement of the cause until the amendment can be procured in the court below.

It may turn out, as in this case, even if a motion be made in apt time for a continuance or extension of time without complying with the statute by filing such record, that the desired amendment to the record is immaterial and the motion denied for want of necessity for the proposed amendment, and hence no grounds shown for an extension of time. Then the appeal must of necessity be dismissed.

The first motion in this case for time to file the record was made in apt time on the first day of the term, based on the grounds that the court below did not preserve in the record an exception taken by appellant to the action of the court in sustaining the demurrer to the appellant's plea of set-off. There was no other cause shown by the affidavit for the extension of time to enable the attorney to apply to the court below in term time to make the correction. There was no reason shown why the record could not have been here as required by the statute, as this kind of an exception always

saves itself and is always understood. It was not the "good cause shown" required by the statute. It was wholly immaterial and insufficient. The motion was properly overruled by this court on the third day of the term. At the time such motion was overruled it was then too late to file the transcript. No new motion could then be entertained by this court, the time allowed by statute having expired. If parties desire to obtain the benefit of the statute they must be careful to comply with its requirements. There was no hinderance in the way of appellant bringing his record and filing it in this court on or before the second day of the term, instead of running the risk of getting a postponement on insufficient grounds and without showing good cause. It would avail appellant nothing at this time to set aside the dismissal of the appeal in these cases, as the record can not now be filed. The motion in the case is denied.

*Motion denied.*