## May Arentz et al. v. George Reilly et al.

1. DECREES —*Personal and Alternative.*— A decree which directs that if the money provided for shall not be paid within the time limited, then the premises involved be sold, is not a personal decree for the payment of money against the defendant, but is an alternative decree.

2. DAMAGES—*On Dismissal of Appeals—Short Record.*—Where a short record does not show whether there was or was not good ground for an appeal, the court can not determine whether damages for delay should be awarded under section 23 of chapter 33, R. S., entitled, "Costs," and such damages are denied.

**Mechanic's Liens.**—Motion for damages on dismissal of an appeal in this court. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Motion denied. Opinion filed November 5, 1896.

ALBERT N. EASTMAN, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This appeal has been dismissed upon a "short record," and the appellees ask that damages be awarded.

The case is, that a decree was entered that the "defendants (appellants) pay" the amounts adjudged in favor of the appellees in a proceeding to enforce mechanic's liens, and "in default of said judgment being made," the property involved should be sold. The appellees urge that this is a money decree, and for that reason to be distinguished from Hamburger v. Glover, 157 Ill. 521, which was an appeal by parties claiming a mechanic's lien, from a decree dismissing their petition and foreclosing a mortgage, but not directing them to pay anything.

So much of the present decree as directs the appellants to pay, would, if the decree were construed to be a personal decree, be erroneous. Cases cited in Sprague v. Green, 18 Ill. App. 476.

But such decrees are construed as being, not decrees against persons, but alternative, "that if the money should not be paid within the time limited, then the premises should be sold." Kirby v. Runals, 140 Ill. 289.

It was therefore not a decree "for the recovery of money against the appellant," and is governed by the case first cited.

If a complete record were here, we might determine whether damages for delay should be awarded under section 23, chapter 33 of the statute, but a short record does not show whether there was, or was not, good ground for appeal.

The damages asked are denied.