O'Kane v. West End Dry Goods Store.

---

## M. C. O'Kane et al. v. West End Dry Goods Store.

1. APPELLATE COURT PRACTICE—*Motions for Leave to File Supplementary Records—When to be Made.*—Where a paper, purporting by the clerk's certificate to be a complete transcript of the record, is filed in the time allowed by Section 72 of the Practice Act, an application for leave to file a supplementary record must be made within the first two days of the term, and not having been so made, the court is powerless to grant it.

2. SAME—*Filing Transcripts of the Record.*—If the appellant is unable to procure a complete transcript within the time prescribed by the statute, he should file a transcript of so much of the record as he is able to obtain, and within the time prescribed make an application for an extension of time to complete the record.

3. SAME—*Where a Complete Transcript Is Not Obtainable.*—If the appellant is unable to procure a complete transcript of the record in proper time, he may file a transcript of so much of the record as is obtainable, place the cause upon the docket and enter a motion for further time in which to bring in the remaining portion of the record.

4. SAME—*Filing a Partial Record Sufficient to Give the Court Jurisdiction.*—Filing a transcript of the record, purporting by the clerk's certificate to be a partial transcript, is sufficient to give the court jurisdiction.

5. SAME—*Diminution of Records Purporting to be Complete.*—A diminution of the record, purporting by the clerk's certificate to be only a partial record, may be suggested after the expiration of the first two days of the term, and leave then given to file an additional or supplementary record, on good cause shown.

**Motion** for leave to file an additional transcript of the record, and also for an extension of time to file abstracts and briefs. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed November 10, 1898. Opinion on rehearing December 19, 1898.

D. M. ROTHSCHILD and BLUM & BLUM, attorneys for appellants; MORAN, KRAUS & MAYER, of counsel.

No appearance for appellee.

PER CURIAM.

Appellants have moved for leave to file an additional transcript of the record, and also for an extension of time to file abstracts and briefs.

By virtue of Section 72 of the Practice Act a complete transcript of the record should have been filed October 5, 1898, the second day of the term. On that day there was filed merely a transcript of the judgment and appeal bond.

October 29th last appellants suggested a diminution of the record and moved for leave to file an additional record. The court, supposing that what purported to be a complete transcript of the record had been filed in apt time, granted the motion by order entered October 31st. This was error.

If appellants desired further time in which to file an additional or supplemental record, application for such further time should have been made within the first two days of the term, and such application not having been made until October 29th, the court was powerless to grant the application. I. W. R. R. Co. v. Gay, 5 Ill. App. 393; Cook v. Cook, 104 Ill. 98; Patterson v. Stewart, Id. 104.

The order of October 31, 1898, having been improvidently and erroneously entered, will be set aside and the motion

for leave to file an additional record, made October 29th last, and also the pending motions for leave to file a second additional record, and to extend the time for filing abstracts and briefs, will be denied, and the appeal will be dismissed for failure to file a complete transcript in apt time.

### ADDITIONAL OPINION ON REHEARING.

PER CURIAM.

A transcript of the record of a decree and of the appeal bond was filed in this cause within the first two days of the present term of the court, on which transcript errors were assigned. October 29th last, a diminution of the record was suggested, and leave was asked to file an additional or supplemental record. This was refused, the court holding that the transcript filed, and not purporting by the clerk's certificate to be a complete transcript of the record, the application for leave to file a supplemental record should have been made within the first two days of the term, and that not having then been made, the court was powerless to grant it. In support of this view, the following cases are cited: Simpson v. Simpson, 3 Ill. App. 432; Railroad Co. v. Gay, 5 Ill. App. 393; Adams v. Robertson, 40 Ill. 40; Cook v. Cook 104 Ill. 98; Patterson v. Stewart, Id. 104; Beebe v. Boyer, 1 Beecher's Breese, 406; Partridge v. Morganthau, 157 Ill. 400.

In Cook v. Cook, *supra*, the court say: "A complete transcript of the record should have been filed on or before the second day of the present term. Or, if the appellant was unable within that time to procure a complete transcript, then she should have filed a transcript of so much of the record as could be obtained, and within the time so prescribed for filing the transcript she should have made an application for an extension of time to complete the record. The matter of the court below allowing the appellant ninety days within which to file the appeal bond and the bill of exceptions, thus extending beyond the time prescribed by law for filing the record in this court, can make no difference. The appellant should have filed, in proper time, a transcript of so much of the record as was then obtainable, had the cause placed upon the docket, and then entered a motion for further time in which to bring in the

remaining portion of the record. Not having filed a complete transcript within the time prescribed by the statute, or a transcript of so much of the record as could be obtained, and asked for further time to complete the same within the requirement of the rule, the appellee was entitled to have the appeal dismissed."

Counsel for petitioner say that Cook v. Cook is not in point, because in that case there had not been any record filed within the first two days of the term, whereas in the present case there had been a partial record filed in apt time. But the court, *nemine dissentiente*, announced in precise terms an important rule of practice, and we must assume advisedly and with due deliberation.

In Railroad Co. v. Gay, *supra*, the facts were precisely the same as in the present case. A certified copy of the decree and appeal bond had been filed in apt time. After the expiration of the first two days of the term, appellant suggested a diminution of the record and moved for a writ of certiorari, etc. The court denied the motion, saying, among other things: "And the application for further time must be made to the court before the time allowed by the statute has expired."

We do not hold, as seems to be assumed by counsel for petitioner, that if a record, purporting by the clerk's certificate to be only a partial record, is filed, the court has no jurisdiction. Errors may be assigned on such partial record and passed on by the court, if the record is sufficient for that purpose. In the present case the record was wholly insufficient for consideration of the errors assigned, and the appeal was dismissed.

Neither do we hold, as seems also to be assumed, that if what, by the clerk's certificate, purports to be a complete transcript of the record is filed in apt time, a diminution of the record may not be suggested after the expiration of the first two days of the term, and leave then given to file an additional or supplemental record, on good cause shown. To do this, and thus remedy mistakes of the clerk, is the established practice. We hold merely that when a transcript is filed within the first two days of the term which

is certified, as in the present case, to be a transcript of only a part of the record, an application for leave to file an additional transcript, after the expiration of the first two days of the term, can not be allowed.

The petition for a rehearing will be denied.