# Chicago City Ry. Co. and Chicago & G. T. Ry. Co. v. Isaiah C. Smith.

1. Appellate Court Practice—*Motion to File Supplemental Transcript Must be Made in Apt Time.*—Where neither a suggestion of diminution of the record, nor a motion to supply a further record, was made on or prior to the second day of the term when by the rules they should have been made, nor until the succeeding term, the Appellate Court is without jurisdiction to allow a supplemental transcript to be filed.

2. Same—*When There is No Assignment of Errors.*—Where there is no assignment of errors upon the original transcript, there is, therefore, nothing for this court to consider, and the appeal will be dismissed.

**Motion,** to strike from the files the bill of exceptions contained in the supplemental transcript. Heard in the Branch Appellate Court at the October term, 1898. Allowed and appeal dismissed. Opinion filed May 2, 1899.

WM. J. HYNES and W. J. FERRY, attorneys for appellant, the Chicago City Ry. Co.

SAMUEL A. LYNDE, attorney for appellant, the Chicago & Grand Trunk Ry. Co.; MASON B. STARRING, of counsel.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This cause is now before this court upon the motion of the appellee to strike from the files the bill of exceptions contained in the supplemental transcript filed herein.

At the March term, 1897, appellants filed in this court what is certified to be a complete transcript of the record in said cause in the court below, except the amended, and a second amendment to the declaration. But this transcript contained no bill of exceptions. At the same term the cause was continued by agreement to the October term, 1897.

The first day of the October term, 1897, on motion of attorneys for appellants, and upon a suggestion of diminution of record, the Appellate Court of this district granted leave to file a supplemental transcript, which was done. The supplemental transcript contains only the restored amended declaration and a bill of exceptions.

Neither a suggestion of diminution of record, nor a motion to supply further record, was made on or prior to the second day of the March term, 1897, nor until the October term, 1897. The Appellate Court had then no jurisdiction to allow the filing of a supplemental transcript. O'Kane v. W. End Dry Goods Store, 79 Ill. App. 191, and cases there cited; Mason v. Gibson, 13 Ill. App. 463, not cited in the O'Kane case.

The order of October 7, 1897, granting to appellants leave

to file supplemental transcript of record was erroneously entered, and will be set aside, and the supplemental transcript of record filed in this cause will be stricken from the files.

There is no assignment of errors upon the original transcript. There is, therefore, nothing for this court to consider, and the appeal will be dismissed.

It is, then, unnecessary to consider other points presented in this motion as to the entry of orders by the court below after the appeal bond was filed.   Appeal dismissed.