FRANCES A. GADWOOD et al.

v.

JAMES KERR et al.

*Opinion filed October 13, 1899.*

1. PRACTICE—*section 72 of Practice act construed.* The requirement of section 72 of the Practice act, that "authenticated copies of records of judgments, orders and decrees appealed from" shall be filed in the office of the clerk of the Supreme Court or Appellate Court before the second day of the succeeding term, is not complied with by filing within the time prescribed an authenticated copy of the decree or judgment order merely, but a transcript of the record, or what purports to be a transcript, must be filed, in default of which the court is without power, after the second day of the term, to permit a complete record to be filed.

2. SAME—*bill of exceptions cannot be taken to proceedings of Appellate Court.* A bill of exceptions cannot be taken to review a decision of the Appellate Court made in the exercise of its jurisdiction as a court of error. (*Pardridge* v. *Morgenthau,* 157 Ill. 395, followed.)

3. SAME—*appeal is properly dismissed if transcript is not filed in time.* An appeal is properly dismissed upon the appellant's failure to file, within the time prescribed, the transcript of the record required by section 72 of the Practice act or to obtain an extension of time in which to file it.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

WILLIAM T. BLAIR, for appellants.

SHERMAN & BURTT, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellees obtained a decree of foreclosure and sale in the circuit court of Cook county, from which the appellants took an appeal to the Appellate Court and within the time fixed by statute had their cause docketed, but filed within that time only a transcript of an order setting aside a decree of sale, and of a subsequent decree of sale, and the order allowing the appeal and the

appeal bond. Subsequently, and after the second day of the term of the Appellate Court, the appellants suggested a diminution of the record, and moved in that court for leave to file a complete record *instanter.* The motion was denied, and the court on its own motion entered judgment dismissing the appeal, and for costs against appellants. This decision of the Appellate Court is assigned for error by appellants on this appeal.

The 72d section of the Practice act provides that "authenticated copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court or of the Appellate Court, as the case may be, on or before the second day of the succeeding term,   *   *   * ·  otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown." The contention of appellants·is, that the statute is complied with by filing within the time prescribed an authenticated copy of the decree or judgment order merely, and that this having been done by appellants it was error not to allow them to file the complete record after the time limited by the statute, and to dismiss their appeal. We cannot agree to this construction of the statute. "Authenticated copies of judgments, orders and decrees appealed from," mean authenticated copies of the records made in the cause in which the judgment or decree appealed from is rendered. This is the construction which the bench and bar of this State have always placed upon this statute. (*Patterson* v. *Stewart,* 104 Ill. 104; *Pardridge* v. *Morgenthau,* 157 id. 395; *Rowan* v. *Bowles,* 25 id. 97; *Stevison* v. *Earnest,* 80 id. 513; *Freeland* v. *Board of Supervisors of Jasper County,* 27 id. 303; *Cook* v. *Cook,* 104 id. 98.) In the latter case this court said, that "if the appellant was unable within that time" (the time limited by the statute) "to procure a complete transcript, then he should have filed a transcript of so much of the record as could be

obtained, and within the time so prescribed for filing the same should have made an application for an extension of time to complete the record." In the case at bar the application for leave to file the transcript of record was not made until after the second day of the term, when the court had no power to allow the record to be filed.

It must not be understood by what has been said that the court, on appeal, has no power after the second day of the term to allow a supplemental or additional transcript of portions of the record to be filed which have been omitted from the original transcript, but only that that which purports to be the transcript of the record must be filed within the time fixed by the statute, or within such further time as shall have been granted by the court. So far as the practice in this court is concerned, what the transcript should contain is indicated by its rules of practice in force November 4, 1897. The transcript filed within the statutory time in the case at bar in the Appellate Court did not purport to be anything more than an authenticated copy of the order, and the decree before mentioned, and of the appeal bond. If appellants were unable, for any sufficient reason, to obtain a transcript of the record in the case, they should, before the expiration of the time for filing, have applied to the court for leave to file the transcript or for an extension of time in which to file it. This they did not do, and their appeal was properly dismissed. But even if the Appellate Court had the power to grant, in the exercise of its discretion, the leave asked, it does not follow that this court has the power to review its decision in refusing such leave. No bill of exceptions can be taken to the proceedings of that court, and we can only review the record as it comes to us. No further discussion of this branch of the question is necessary than that given to it in *Pardridge* v. *Morgenthau,* 157 Ill. 395.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*