86   181
s185s374

## Benjamin M. Thomas v. John O'Brien Lumber Co. et al.

1. APPELLATE COURT PRACTICE—*Filing Supplemental Records.*—An application for an extension of time within which to file a supplemental record should be made within the first two days of the term.

2. SAME—*Damages on Dismissal of an Appeal.*—Where a decree is not for the payment of money within the meaning of Sec. 73 of the Practice Act, statutory damages are not allowable.

**Motion to Dismiss Appeal.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Dismissed. Opinion filed December 19, 1899.

BENJAMIN M. THOMAS, attorney *pro se.*

LEVI SPRAGUE, attorney for appellee John O'Brien Lumber Co.

DUNN & BYRON and JOHN T. DONAHUE, attorneys for appellees Von Platen & Dick, A. T. Stewart & Co., Holmes & Awburn, and Gray, Tuthill & Co.

CHARLES H. HAMILL, attorney for appellees Aaron B. Mead and Samuel Knowlton.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A " short record " (consisting of the decree, appeal order and appeal bond) was filed in this cause on the second day of the October term, 1898, of this court. On the eleventh day of the said term, diminution of the record was suggested and leave given to file, instanter, a supplemental record, which was done.

The leave so given was granted out of a desire by the court to afford to appellant additional time within which to perfect his appeal, but under a misapprehension of the law. The appellee Lumber Company moved upon a short record brought up by it, in this cause, to have the appeal dismissed with statutory damages, and such motion was taken to be considered when this appeal should be reached. The application for an extension of time within which to file the supplemental record should have been made within the first two days of the term. Afterward was too late, and the additional time allowed by the order was something this court had no power to grant.

The supplemental record having been filed under an improvident and erroneous order, must therefore be stricken from the files, and the "short record" being insufficient to found any of the assigned errors upon, the appeal must, in accordance with the statute, be dismissed. Sec. 72, Practice Act, Chap. 110, Rev. Stat.; O'Kane v. West End Dry Goods Store, 79 Ill. App. 191.

And to the numerous authorities there cited, we add Ross v. Plano Steel Works, 34 Ill. App. 323; Mason v. Gibson, 13 Ill. App. 463; Palmer v. Gardiner, 77 Ill. 143; Chicago City Ry. Co. v. Smith, 82 Ill. App. 305, and the still later and conclusive case (if there were doubt before) of Gadwood v. Kerr, 181 Ill. 162.

But the decree is not one for the payment of money within the meaning of Sec. 73 (Rev. Stat. 1898, Sec. 74), Practice Act.

The proceeding was to enforce mechanic's lien claims, and the decree found the amounts of the several liens, and ordered the premises sold unless the liens were paid in three days.

Such a decree is an alternative one, and not one for the recovery of money. Statutory damages are, therefore, not allowable. Arentz v. Reilly, 67 Ill. App. 307; Hamburger Company v. Glover, 157 Ill. 521.

The order will be that the supplemental transcript of the record filed herein October 14, 1898, be stricken from the

files, and the appeal dismissed for failure by appellant to file record as required by law, and statutory damages denied. Appeal dismissed.

OPINION PER CURIAM.

The appellee Lumber Company brought to this court a short record in the above entitled cause and moved that appellant's appeal be dismissed with statutory damages. The motion was reserved to be considered upon the hearing of the same cause upon a record previously brought up by appellant. That record having now been considered, and the appeal dismissed, without statutory damages, the motion to dismiss with damages is denied, and the appeal docketed under this number is dismissed at the costs of the appellee Lumber Company.   Appeal dismissed at costs of appellee.