## Chicago City Ry. Co. and Chicago & G. T. Ry. Co. v. Isaiah C. Smith.

1.    BILL OF EXCEPTIONS—*Construction of Stipulations that the Original May Be Used on Appeal.*—A stipulation that the original bill of exceptions may be used on appeal applies with equal effect to a writ of error.    Its purpose is to obtain a review of the judgment at a less cost

than by copying the bill of exceptions into the transcript and is to be given a liberal construction.

2. JUDGMENTS—*When Improper as to One of Two Joint Defendants.*—A judgment improper as to one of two joint defendants can not be sustained against the other defendant.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed November 20, 1900.

W. J. HYNES and W. J. FERRY, attorneys for Chicago City Ry. Co., and SAML. A. LYNDE, attorney for Chicago & Grand Trunk Ry. Co., plaintiffs in error; M. B. STARRING, of counsel.

THORNTON & CHANCELLOR, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

At the last term we denied three certain motions of the defendant in error to strike from the record, (1) a certain stipulation, (2) the bill of exceptions, and (3) a supplemental transcript.

Afterward, a motion was made by the defendant in error to grant a rehearing of said motions, and time was given both sides to file additional suggestions.

Now, upon a full consideration of all the matters urged, we see no sufficient reason for changing our former orders.

The stipulation referred to was one consenting that the original bill of exceptions might be incorporated into the transcript of the record on the appeal of the cause to this court.

The appeal was brought here, but was dismissed by the court because of a failure on the part of appellants to comply with the statute relating to applying for additional time to file a complete record on or before the second day of the term to which the appeal came. Chicago City Railway Co. v. Smith, 82 Ill. App. 305.

After such appeal was dismissed the plaintiffs in error sued out a writ of error from this court upon the same judgment, and obtained leave to withdraw the record used in the appeal suit from the files of that case and refile it as a return to such writ of error.

The point that a stipulation or agreement of this kind for the purposes of an appeal, can not be construed as an agreement for the purposes of a writ of error, is at the most a mere technicality. The statute (Sec. 72, Ch. 53, entitled Fees, etc.), makes no distinction between an appeal or a writ of error in respect of the applicability of a stipulation of the kind that was made, and in our opinion a stipulation that the original bill of exceptions may be used on appeal applies with just as much effect to a writ of error, if that be the form of proceeding resorted to for a review of the judgment, notwithstanding the stipulation recited an appeal, and not an appeal or writ of error.

The purpose of the stipulation, as well as of the statute, was to obtain a review of the judgment at a less cost than by copying the bill of exceptions into the transcript, and we ought to give a liberal construction to stipulations having that end in view. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546.

But it is insisted that because the bill of exceptions containing the stipulation was never properly filed in the appeal case, its proper place when the appeal was dismissed was back in the Superior Court. We had allowed the bill of exceptions to be filed in this court and from that time forward it belonged to the files of this court.

Although this court subsequently corrected its erroneous order giving leave to file the bill of exceptions, and dismissed the appeal because there was no bill of exceptions in the case, that did not authorize the removal of the bill of exceptions from the files of this court. The bill was here and the subsequent leave given to withdraw it from the appeal case and refile it in the error suit was, we think, proper. All other objections to the stipulation relate to matters over which we have no power. We can not make

or amend any part of the record of the court below. The motions to strike from the record the bill of exceptions and the supplemental transcript, depend upon the effect to be given to the stipulation. That being disposed of, no further discussion is required of such motions.

The defendant in error has made a still further motion, to be allowed to take the transcript of record back to the Superior Court for the purpose of having a file mark on the bill of exceptions corrected from the 28th of June, 1897, to the 29th of June, 1897.

It is not made to appear that if the file mark was corrected as it said it should be, the rights of either party to the suit would be in the least altered thereby.

The file mark on the bill of exceptions before us is June 28, 1897, and we are unable to find by inspection any indication that it was ever of a different date.

The motion is denied.

The suit was brought by the defendant in error against the plaintiffs in error, Chicago City Railway Company and Chicago and Grand Trunk Railway Company, jointly, to recover damages for personal injuries alleged to have been sustained by defendant in error, and from a joint judgment rendered against said plaintiffs in error, this writ of error is prosecuted.

We do not need to discuss the merits of the case, for it is insisted by the plaintiffs in error and is practically conceded by the defendant in error that the bill of exceptions fails to connect the plaintiff in error, Chicago City Railway Company, with the accident or injury complained of, and that therefore the joint judgment against the two plaintiffs in error can not stand, because not supported by the evidence.

It is, perhaps, unnecessary to repeat the familiar doctrine that a joint judgment, improper as to one of two joint defendants, can not be sustained against the other defendant.

"The judgment is a unit as to all the defendants, and if erroneous as to one it is erroneous as to all." Claflin v. Dunne, 129 Ill. 241.

The order, therefore, will be that a rehearing of the three first mentioned motions is denied, and that the motion for leave to take the transcript back to the Superior Court for the purpose of having the file mark on the bill of exceptions changed is also denied, and that the judgment be reversed and the cause remanded.

Motions denied, and judgment reversed and cause remanded.