### John O'Brien Lumber Co. v. William E. Shoot.

1. PRACTICE—*Transcript Containing No Copy of the Pleadings.*— A transcript of the record which contains no copy of the pleadings in the cause is so defective as to warrant the dismissal of the appeal or the affirmance of the judgment.

2. SAME—*Filing Additional or Supplemental Transcript.*—Where the transcript of the record is incomplete, it is incumbent on appellant, if it desire to file an additional or supplemental transcript, to apply for leave so to do, showing good cause for the motion, within the first two days of the next term of this court, otherwise the appeal will be dismissed.

Assumpsit, upon the common counts. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge presiding. Heard

John O'Brien Lumber Co. v. Shoot.

in this court at the March term, 1902.    Dismissed.    Opinion filed December 11, 1902.

LEVI SPRAGUE, attorney for appellant.

McCULLOCH & McCULLOCH, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The transcript filed herein February 11, 1902, shows that the judgment appealed from was rendered September 26, 1901, and that an appeal was allowed on filing bond and bill of exceptions within thirty days from the rendition of judgment.    The last day of the September term of the Circuit Court having occurred after the first day of the October term, 1901, of this court, the appeal was to the March term, 1902, of this court, which commenced March 4, 1902. The clerk's certificate to the transcript filed in this court February 11, 1902, merely certifies the transcript " to be a true, perfect and complete copy of a certain verdict filed in my office on the 26th day of September, A. D. 1901; a certain affidavit on the 12th day of December, A. D. 1901; a certain bill of exceptions and a certain appeal bond, both filed on the 5th day of October, A. D. 1901, and all orders appearing of record in said cause."    This is clearly an incomplete transcript of the record, as shown by the certificate.    That the transcript is incomplete is further shown by the fact that it contains no copies of the pleadings in the cause.    This defect, of itself, is sufficient to warrant the dismissal of the appeal, or the affirmance of the judgment. Road District v. Miller, 156 Ill. 221.

In this state of the transcript it was incumbent on appellant, if it desired to file an additional or supplemental transcript, to apply for leave so to do, showing " good cause " for the motion, within the first two days of the March term of this court.    O'Kane v. West End Dry Goods Store, 79 Ill. App. 191, citing a number of decisions of the Supreme Court.

No application was made by appellant for leave to file an additional transcript, within the first two days of the

March term, 1902, or at any time. Therefore the appellee is entitled to have the appeal dismissed. Cook v. Cook, 104 Ill. 98; Hurd's Rev. Stat. 1901, p. 1347, section 72.

The transcript contains an affidavit of B. W. Reid, deputy clerk of the Circuit Court, stating that the præcipe, summons and certain pleadings were lost from the files, and could not . be found. This affidavit is not contained in the bill of exceptions, and is no part of the record proper. Appellee has moved to strike it from the transcript, and the motion will be allowed. Appellee, March 8, 1902, moved to dismiss the appeal, on the ground that the transcript was incomplete and insufficient, which motion was denied. The order denying said motion will be set aside, and the appeal will be dismissed.