## Joseph A. Moore v. John West et al.

### Gen. No. 12,618.

1. ASSESSMENT OF DAMAGES—*when record sufficient to review order of, upon dissolution of injunction.* A partial record containing all the orders, etc., pertaining to the order appealed from, awarding damages upon the dissolution, is sufficient to enable the court to review the propriety of such order.

2. ASSESSMENT OF DAMAGES—*to whom award should be made upon dissolution of . injunction.* Upon dissolving an injunction and assessing damages, the award of damages should be in favor of the party to the record who has suffered the damages; but where the security given upon the issuing of the injunction is in the form of cash deposited with the court, the court has the power to provide for the distribution of the money so within its control to the parties ultimately entitled to receive the same.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906. Rehearing denied October 18, 1906.

J. EDWIN REEVES and BLUM & BLUM, for appellant.

SIMON LA GROU, J. C. FARWELL and G. G. BARRY, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order assessing damages upon the dissolution of an injunction for wrongfully suing out the same.

The record is not a complete, but a partial record only, consisting of the orders dissolving the injunction, granting leave to file a suggestion of damages, assessing damages and allowing the appeal and a copy of the appeal bond.

Two motions have been filed here. That by appellees for an order dismissing the appeal for want of a

sufficient record, and the other by appellant suggesting a diminution of the record and asking for a writ of *certiorari* commanding the clerk of the Circuit Court to send to this court a true transcript of the record and proceedings in this cause in that court. The decision of both these motions has been, by order, reserved to the hearing of this appeal.

The rule laid down in O'Kane v. West End Dry Goods Store, 79 Ill. App. 191, that errors may be assigned on a partial record and passed upon by the court, if the record is sufficient for that purpose, governs this case. Upon looking into the record we find it is sufficient to give this court jurisdiction to examine and pass upon the errors assigned upon the order assessing damages for the wrongful suing out of the dissolved injunction, and the motion of appellees to dismiss will therefore be denied.

Appellant's suggestion of diminution of the record and motion for a writ of *certiorari* to the clerk of the Circuit Court to certify a true record of the proceedings in the Circuit Court comes too late, not having been made until after the second day of the term of this court to which this appeal is brought. In Railroad Co. v. Gay, 5 Ill. App. 393, the facts are akin to those in this case. The record contained copy of the decree and appeal bond and was filed in apt time. A motion was made similar to the motion of appellant here. That motion was denied, the court saying: "The application must be made to the court before the time allowed by the statute has expired." The authorities are uniform to this effect. The motion of appellant is also denied.

The only assignment of error in this record which we are clothed with jurisdiction to review, is the seventh, that the court ordered the clerk of the court to pay the solicitors of appellees the sum of three hundred and fifty dollars assessed as damages.

On reading the decree we find—after the formal rec-

itations that the injunction had been dissolved, etc.,
—this: "The court having considered the evidence
of the respective parties with reference to said dam-
ages finds, that the said defendants for the necessary
services of their solicitors, in procuring the dissolu-
tion of said injunction, have suffered damages to the
extent of three hundred and fifty dollars, by reason of
the premises, and that said sum is a reasonable and
usual compensation for said services, and the court by
virtue of the power in it vested by the statutes of this
state, doth order, adjudge and decree that said dam-
ages be assessed at the sum of three hundred and fifty
dollars, and the same are so assessed. It is further
ordered, adjudged and decreed that the clerk of said
court pay the solicitors for said defendants * * *
the said sum of three hundred and fifty dollars from
the money in his hands which was deposited by com-
plainant in lieu of a bond at the time of the issue of the
injunction."

If this decree was susceptible to the interpretation
claimed for it by appellant, that it is a decree in favor
of one not a party to the suit and an award of damages
to the solicitors and not to the client, we should regard
the assignment of error on this branch of the case as
well taken, for it is the law conclusively settled in this
state that no award of damages on the dissolution of
an injunction can be made to strangers to the suit nor
to solicitors who are not parties. Rice v. Goldberg, 26
Ill. App. 603.

But in the view we take of this decree it is not sub-
ject to any such infirmity. The damages awarded are
to the defendants in the bill in which the injunction was
issued and afterwards dissolved, and in this regard the
direction of the statute was complied with. That part
of the decree ordering the clerk to pay the amount of
the damages assessed to appellees, to their solicitors,
was directory only. The solicitors had the power to
collect the damages and satisfy the record without

any such direction. This case was unusual. In the place of an injunction bond directed to be given by the statute, appellant deposited a sum of money with the clerk of the court, which money was held in lieu of such statutory bond, to be paid out in accordance with the judgment of the court. It was a fund in court to be held by the clerk for a specific purpose, viz., to pay any damages which appellees might suffer by reason of the wrongful suing out of the injunction. The money was within the control of the court, whose duty it was to direct its distribution. While it might have been more in accord with precedent to have directed the money assessed as damages to be paid by the clerk "to the defendants or their solicitors," the practical and logical effect of the decree was to the same purport.

There is no force in the objection that the assessment of damages was premature.

We find no reversible error in the record, as presented, and the decree of the Circuit Court is affirmed.

*Affirmed.*