## William R. Pine, Appellant, v. Central Life Insurance Company of Illinois, Appellee.

Evidence, § 243*—*when authenticated copy of entire record of foreign judgment is necessary.* Where an authenticated copy of the record of a foreign judgment is required, it must be the whole record so that the court may determine the legal effect of the whole, which may be quite different from a part.

Appeal from the Circuit Court of Clark county; the Hon. Augustus A. Partlow, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917.

Scholfield & Scholfield, for appellant.

W. H. Hinebaugh and B. M. Davison, for appellee; Sidney S. Breese, of counsel.

Mr. Presiding Justice Graves delivered the opinion of the court.

Walter G. Pine, of South Dakota, a son of appellant, held a policy of insurance on his life for $1,000, issued by appellee in which appellant was named as beneficiary. He died in South Dakota on October 20, 1915. This suit was brought to recover the face of the policy. There is no controversy over the liability of appellee on the policy. The defense was that a judgment had been rendered in South Dakota against appellee as garnishee for $533.10, based on a judgment against appellant and in favor of the Whitbeck National Bank of Chamberlain, South Dakota, which judgment it had paid; that as to the amount so paid it should have credit, and that as to the balance of the $1,000 represented by the policy appellant should have judgment. The case was tried by the court without a jury. The finding and judgment were for appellee as to the

_____
*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

amount paid on the garnishee judgment and were for appellant for the balance of the face of the policy, which the court found to be $466.90, and rendered judgment against it for that amount.

Appellant claims that there is no proper evidence in this record of the existence of the South Dakota judgments, and that the so-called records of those judgments that were offered were incompetent and were improperly admitted.

The so-called records that were admitted in evidence to show these foreign judgments consisted of twelve separate exhibits, each being accompanied by separate certificates. They were offered and admitted separately. They do not even purport to be and they certainly are not complete records of any judgments.

Exhibit number 1 is a copy of a summons. It is entitled "Whitbeck National Bank, a Corporation, Plaintiff, vs. William R. Pine, Defendant." The certificate of the clerk attached to this exhibit certifies that it is the summons "filed in the action of the Whitbeck National Bank, a corporation, plaintiff, vs. William R. Pine, defendant, and the Central Life Insurance Company of Illinois, a corporation, garnishee."

Exhibit number 2 purports to be a copy of an affidavit of service in which affidavit it is recited that the annexed "summons, complaint, affidavit in garnishment and garnishee summons in the above-entitled action, came into my hands for service on the 8th day of December, 1915," etc., but there is neither summons, complaint, affidavit in garnishment nor garnishee summons attached to such affidavit, or made a part of the exhibit.

Exhibit number 3 is entitled "Whitbeck National Bank, Plaintiff, vs. William R. Pine, Defendant," and is certified to be a copy of a complaint "filed in the action of the Whitbeck National Bank, a corporation, plaintiff, vs. William R. Pine, defendant, and the Cen-

tral Life Insurance Company of Illinois, a corporation, garnishee.''

Exhibit number 4 is certified to be a true copy of the return of service of summons and contains the following statement: ''That the annexed garnishee summons and affidavit came into my hands for service on the 23rd day of November, 1915,'' but there is no garnishee summons or affidavit annexed to such purported copy of such return of service.

Exhibit number 5 is certified to be a copy of the garnishee summons ''filed in the action of the Whitbeck National Bank, a corporation, plaintiff, vs. William R. Pine, defendant, and the Central Life Insurance Company of Illinois, a corporation, garnishee,'' but it is in no way identified as the garnishee summons referred to in exhibit number 4 and is not attached to it. The copy of this garnishee summons recites: ''You are hereby summoned pursuant to the annexed affidavit,'' but no affidavit is annexed to the copy offered in evidence.

Exhibit number 6 is certified to be a correct copy of the affidavit in garnishment, but it is not identified as the affidavit referred to in exhibit number 5, and is not attached to it.

Exhibit number 7 is certified to be a true copy of the answer of the garnishee.

Exhibit number 8 is entitled ''Affidavit of Default'' and purports to be a copy of a file in the clerk's office purporting to show that the defendant in the case was in default.

Exhibit number 9 is certified to be a correct copy of an instrument on file in the office of the clerk of the court in which the judgment is supposed to have been entered and is labeled ''Judgment.''

Exhibit number 10 is labeled ''Judgment against Garnishee,'' and is certified to be a correct copy of an ''instrument'' on file in the office of the same clerk.

Exhibit number 11 is certified to be a "true and correct transcript and copy of and from the judgment docket of said court, in so far as it relates to a certain judgment rendered on the 12th day of January, 1916, in an action between Whitbeck National Bank, a corporation, plaintiff, vs. William R. Pine and Central Life Insurance Company of Illinois, a corporation, defendants, and that said docket is a full and sufficient material index to the judgment book wherein said judgment is recorded, and which is a record in my office." The exhibit itself bears out the certificate, but does not purport to be a transcript of the judgment or any part thereof.

Exhibit number 12 is identical in style and form with exhibit number 11. It purports to be an index to a garnishee judgment, but does not purport to be a copy of the judgment itself.

Nowhere in these exhibits or in the certificate attached to them is there anything from which a court can determine that the exhibits offered constitute the whole of the record of the judgment in question, or of any judgment. On the contrary, as has been pointed out, the exhibits on their face show that they are not complete but that there are records of judgments in the office of the clerk making the certificate transcripts of which have not been offered.

The general rule, to which we know no exception, is that where the copy of the record of a judgment is required it must be of the whole record so that the court may determine the legal effect of the whole, which may be quite different from a part. *Vail v. Iglehart,* 69 Ill. 332.

In *Gadwood v. Kerr,* 181 Ill. 162, the Supreme Court in construing the language of the Practice Act then in force, referring to "Authenticated copies of records and judgments appealed from," held that those words meant a transcript or what purports to be a transcript

of the entire record, and that filing a transcript of part of the record was not a compliance with the statute.

Counsel for appellee have cited no authority justifying a holding that the exhibits offered amount to proof of the existence of a foreign judgment or of what that judgment is, but have contented themselves with a discussion of what faith and credit shall be given by the court of one State to the judgments of the court of another State and what presumptions shall prevail upon proof of judgments in a foreign State. We find no fault with the propositions of law laid down by them on those questions; the trouble is, there is no proper proof in this record of the existence of a judgment made the basis of appellee's defense. It follows that the finding of the Circuit Court that a judgment in garnishment against appellee had been entered in the court of South Dakota is not supported by competent evidence. The judgment is therefore reversed and the cause remanded to the Circuit Court.

*Reversed and remanded.*